06-2465-ag
*Electric Boat v. Director*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Argued: July 11, 2007                    Decided: August 1, 2007)

Docket No. 06-2465-ag

_____

ELECTRIC BOAT CORPORATION,

*Petitioner*,

—v.—

RHETA DEMARTINO (WIDOW OF LOUIS J. DEMARTINO)

AND

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS ,
UNITED STATES DEPARTMENT OF LABOR,

*Respondents*.

_____

B e f o r e :

STRAUB, B.D. PARKER, AND WESLEY, *Circuit Judges.*

_____

Petition for review of a decision of the Benefits Review Board affirming an order of the

administrative law judge ("ALJ") denying petitioner relief from its worker's compensation

liability under section 8(f) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.

§ 908(f). Because we find that substantial evidence supports the ALJ's conclusion, we deny the

petition for review. We write to expressly affirm the proposition that section 8(f) relief is

available to an employer in a situation where an employee's pre-existing disability and second

injury both arise out of the same course of employment with the same employer.

DENIED.

_____

PETER D. QUAY, Law Office of Peter D. Quay, Taftville, CT, *for Petitioner*.

KATHLEEN H. KIM, U.S. Department of Labor, Office of the Solicitor (Howard M. Radzely, Solicitor of Labor, Allen H. Feldman, Associate Solicitor, Mark A. Reinhalter, Counsel for Longshore, *on the brief*), Washington, D.C., *for Respondents*.

_____

PER CURIAM:

Electric Boat Corporation petitions for review of a March 27, 2006 order of the Benefits Review Board ("Board") affirming the decision of Administrative Law Judge Colleen A. Geraghty ("ALJ") denying Electric Boat relief from its worker's compensation liability under section 8(f) of the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. § 908(f). We hold that substantial evidence supports the ALJ's conclusion that the evidence of Louis DeMartino's exposure to asbestos after 1970 is insufficient to establish a second injury for the purposes of section 8(f) relief. We write to explicitly affirm the proposition that section 8(f) relief is available to an employer where an employee's pre-existing disability and second injury both arise out of the same course of employment with the same employer.

Decedent DeMartino was employed by Electric Boat from 1957 until his retirement in 1994. DeMartino was exposed to asbestos while working as an outside machinist from 1957 to 1959. In addition, DeMartino suffered additional exposure from 1961 to 1965 while working in a building adjacent to an area where laggers were handling asbestos material. DeMartino testified that he could have been exposed to asbestos materials stored in warehouses during the period

1974 to 1977. He also testified that he spent between five to 10 percent of his time onboard ships from 1961 to 1990, where asbestos may have been installed.

DeMartino was first informed that he had an abnormal chest x-ray with a pattern suggestive of asbestosis in 1970. DeMartino passed away on February 3, 1996; the cause of death was specified as bilateral pneumonia due to or as a consequence of end-stage asbestosis.

The ALJ denied Electric Boat's request for section 8(f) relief on claims filed by DeMartino and his widow under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*. The ALJ rejected Electric Boat's argument that DeMartino's continued exposure to asbestos after 1970 aggravated his preexisting asbestosis and thus constituted a second injury for purposes of section 8(f) relief. The ALJ found that the record was unclear as to the extent of DeMartino's exposure to asbestos materials stored in warehouses during the period 1974 to 1977. In addition, the ALJ concluded that it was uncertain whether DeMartino was exposed to asbestos during his tours on ships in the period 1970 to 1979, and that Electric Boat ceased using asbestos in ship construction by at least 1979, and possibly before. The Board affirmed the ALJ's decision denying section 8(f) relief on March 27, 2006. Electric Boat petitions for review of the Board's decision, urging that the ALJ's conclusions are not supported by substantial evidence.

We write explicitly to establish that an employer is eligible for section 8(f) relief where an employee's pre-existing disability and second injury both arise from the same course of employment with the same employer. While we have presumed the availability of section 8(f) relief in such a situation, *see Blanchette v. OWCP*, 998 F.2d 109, 113 (2d Cir. 1993), we have yet to expressly affirm an employer's eligibility for relief in this context.

3

Prior to the enactment of section 8(f), when an employee was injured at work, an employer was required to compensate the employee for the full extent of his disability, regardless of whether a pre-existing disability contributed to his condition. This rule discouraged employers from hiring partially disabled workers. *See Director, OWCP v. General Dynamics Corp.*, 705 F.2d 562, 564 (1st Cir. 1983). Congress enacted section 8(f) "in order to limit the burden on employers in so-called second-injury cases." H.R. Rep. No. 92-1441 (1972), *as reprinted in* 1972 U.S.C.C.A.N. 4698, 4705. Under section 8(f), when an employee who has an "existing permanent partial disability" suffers an on-the-job injury that results in permanent total disability, the employer is liable only for a portion of the compensation payments. The remainder is paid out of a "special fund" created from payments by employers. *See* 33 U.S.C. §§ 908(f), 944. By limiting an employer's liability in such cases, section 8(f) provides an incentive for employers to hire workers with preexisting disabilities, as well as to retain workers who become partially disabled on the job. *See Lawson v. Suwannee Fruit & Steamship Co.*, 336 U.S. 198, 202 (1949); *General Dynamics Corp.*, 705 F.2d at 565.

Permitting employers to obtain section 8(f) relief when an employee suffers two work-related injuries in the same course of employment furthers the purpose of the statute by encouraging employers to retain partially-disabled employees. However, it raises the concern that unscrupulous employers may deliberately cause their workers to suffer a second injury to limit their liability. In addressing this issue, the D.C. Circuit concluded that it would frustrate the intent of Congress to eliminate discrimination against handicapped workers if the court were to deny section 8(f) relief in such a situation solely "because of the possibility that a few Machiavellian employers would deliberately re-injure the handicapped." *Director, OWCP v.*

*Potomac Electric Power Co.*, 607 F.2d 1378, 1385 (D.C. Cir. 1979) (per curiam). We similarly conclude that the possibility of abuse should not defeat an employer's claim to section 8(f) relief absent some evidence suggesting that the employer engaged in such a practice. We find no evidence on the record that Electric Boat intentionally aggravated DeMartino's asbestosis to obtain section 8(f) relief. Accordingly, Electric Boat is eligible for section 8(f) relief in this circumstance.

Turning to the merits of Electric Boat's request for section 8(f) relief, substantial evidence supports the ALJ's conclusion that Electric Boat failed to show that DeMartino suffered a second injury. *See Jacksonville Shipyards, Inc. v. Director, OWCP*, 851 F.2d 1314, 1316-17 (11th Cir. 1988). The ALJ properly reasoned that the record is lacking in detail regarding the extent of DeMartino's exposure to asbestos during his visits to warehouses. In addition, the ALJ correctly concluded that the record does not reveal precisely when Electric Boat stopped using asbestos material to construct ships. Further, even assuming that the ships contained some asbestos after 1970, the record is unclear as to DeMartino's exposure and the extent to which such exposure might have aggravated his progressive illness. Therefore, DeMartino's testimony that he spent five to 10 percent of his time onboard ships from 1961 to 1990 is inconclusive with regard to post-1970 asbestos exposure.

Accordingly, we DENY Electric Boat's petition for review of the Board's decision.